UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
UNITED STATES OF AMERICA,  :
:
                Plaintiff,  :
:        **SUMMARY ORDER**
                -against-  :
:        10-CV-4550 (DLI)
:
KENNETH RISER, *pro se*,  :
:
                Defendant.  :
------------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

       On December 10, 2010, the court entered a default judgment in the amount of $9,120.53 in favor of United States of America against Defendant Kenneth Riser for his failure to pay student loans. On January 4, 2011, after Defendant's account had been frozen, the court received a motion from Defendant, seeking to vacate the default judgment. For the reasons set forth below, the motion is denied.

## DISCUSSION

       Defendant, appearing *pro se*, argues that he was never served with the complaint and that, although he owes the principal sum of $4,364.70, he does not owe the "original amount claimed." (Def. Mot.) Defendant, therefore, seeks to set aside the entry of default and vacate the default judgment.

       Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the court may set aside an entry of default "for good cause." Moreover, where a default judgment has been entered, the Court may also vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

       In deciding a motion to vacate a default judgment, "the court's determination must be guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant

1

demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.'" *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (quoting *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). In considering Defendant's motion, the court is mindful that "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). Moreover, the court is also mindful that, *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1. **THE DEFAULT WAS WILLFUL**

"[T]he basic purpose of default judgment is to protect parties from undue delay-harassment." *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005) (internal quotation marks and citations omitted). Thus, "willfulness in the context of a judgment by default requires something more than mere negligence, such as egregious or deliberate conduct, although the degree of negligence in precipitating a default is a relevant factor to be considered." *Id.* (internal quotation marks and citations omitted).

Here, it appears that Defendant's conduct was willful. In Defendant's motion, he argues that he never received a "true copy" of the complaint. However, it appears that he was aware of the lawsuit prior to the entry of default. In Plaintiff's affirmation in opposition to Defendant's motion, Plaintiff states that he contacted Defendant "[o]n or about October 15, 2010" and that Defendant requested proof of claim documents and asserted that the amount of the loan was "inaccurate." (Pl. Opp. ¶ 17.) Defendant admits that he spoke with Plaintiff's counsel, and states that he received a letter from Plaintiff regarding the amount due under the loans.

(Answer ¶ 5.) Therefore, Defendant was aware of this lawsuit, but nevertheless failed to appear in the action or raise any of the defenses he thought were applicable until his account was frozen. Such conduct demonstrates willfulness. *See, e.g.*, *Green*, 420 F.3d at 108 (defendant's actions were willful where he failed to provide any justification for failure to take action after receiving notice that the clerk had entered default).

**2.    MERITORIOUS DEFENSE**

Defendant raises two arguments in his motion to vacate the default. First, he argues that he was not properly served with the complaint in this action. Second, he argues that he does not owe the amount entered in the default judgment because the interest was not properly calculated.

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (citation and internal quotation marks omitted); *see also SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make.") (citation and internal quotation marks omitted).

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, service is governed by the laws of the state in which the court sits. Under New York law, service may be effected by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence." N.Y. C.P.L.R. § 308(2). Here, on October 20, 2010, Plaintiff filed a detailed affidavit of service,

stating that, on October 12, 2010, the complaint was served on an individual named Levon Dunn at 428A Lexington Avenue, Brooklyn New York 11221.

Under New York law, "a process server's affidavit of service establishes a prima facie case of the account of the method of service." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Id.*

Defendant states in the proposed answer he submitted with his motion that the "affidavit of service filed with the court on October 12, 2010 fits no description of the plaintiff or any occupant in question." (Answer ¶ 2.) However, Defendant also admits that the address listed on the affidavit of service is indeed his address, and that he "may be served with service of process at 438A Lexington Ave. Brooklyn New York 11221." (Def. Answer ¶ 2.) Moreover, Defendant admitted that he received subsequent documents that were mailed to him at that address. (Answer ¶ 5.) Therefore, it is unclear why Defendant would not have received the complaint at that address.

Defendant's denial of receipt of the complaint is further undermined by his description of events. He states that he contacted Plaintiff's attorney after receiving a letter from Plaintiff, dated October 18, 2010. However, the letter states "Thank you for contacting this office," thus demonstrating that Defendant reached out to Plaintiff prior to receiving the letter. (Def. Answer Ex. B.) It is unclear how Defendant would have known to reach out to Plaintiff if he had not been aware of the lawsuit, and the fact that Defendant contacted Plaintiff mere days after the date of alleged service undermines any claims that service was never made. *See Simmons First Nat. Bank v. Mandracchia*, 248 A.D.2d 375, 375-376 (2d Dep't 1998) (although defendants

contended that the description in the affidavit of their daughter, as the individual who received service, was inaccurate, an attorney appeared on behalf of the defendant, and "the mere fact that [the notice of appearance] was filed two days after service was made upon the [defendants'] daughter effectively undermines any claims that service was never made"); *National Loan Investors, L.P. v. Piscitello*, 21 A.D.3d 537, 538 (2d Dep't 2005).

In sum, Defendant's vague and conclusory statement in his affidavit, combined with his statement in his proposed answer that no "occupant" fits the description in the affidavit of service, are insufficient to vacate the default. *See, e.g.*, *Roberts v. Anka*, 45 A.D.3d 752, 753-54 (2d Dep't 2007) (defendant's jurisdictional argument was "wholly conclusory" where defendant denied merely that a "female relative resided with the defendant on the date of service" but failed to argue that "the female relative described in the affidavit of service was not present at the defendant's home to accept service as a person of suitable age and discretion"); *Foster v. Jordan*, 269 A.D.2d 152, 153 (1st Dep't 2000) (defendant's allegations of denial of service, without sworn affidavit, were insufficient). Therefore, Defendant's arguments regarding service are without merit. *See United States v. Brooks*, 2007 WL 4441221, at *2 (E.D.N.Y. Dec. 17, 2007) (defendant's conclusory denials were insufficient to establish improper service).

Additionally, Defendant's arguments regarding the amount he owes are also without merit. Defendant does not dispute that he owes the principal sum of $4,364.70. (Answer ¶ 4.) Instead, Defendant argues that he does not owe interest or any additional fees. (Answer ¶ 5.) Nevertheless, neither Defendant's affidavit nor his answer set forth the basis for his contention that he does not owe the amount listed in the judgment.

Plaintiff attempts to clarify the ambiguity, and states that "[i]n a conversation with Defendant, subsequent to receiving the motion, Defendants [sic] confirmed that he was objecting

5

to paying any interest on the promissory notes because no interest rate is noted on the face of the notes. Rather the notes indicate that the interest rate is 'variable.'" (Pl. Opp. ¶ 9.) Even if this is Defendant's argument, it has no merit. Plaintiff provided the Federal Interest Rate Chart, showing the annual variable interest rates pertaining to student loans. (Pl. Opp. ¶¶ 19-20 & Ex. A.) Clearly, Defendant owes interest on his loans, and the chart substantiates the interest rates applied by Plaintiff. Defendant has provided no argument to the contrary.

Therefore, Defendant has provided no meritorious defense that would justify vacating the judgment.

**3. PREJUDICE**

Plaintiff's only allegation regarding the potential prejudice is that, if the default and writ are vacated, Plaintiff believes that Defendant will dissipate the amounts currently frozen. Although this does not constitute substantial prejudice, the remaining factors demonstrate that Defendant has no grounds to vacate the judgment.

In sum, Defendant has provided no basis to vacate the judgment.

**CONCLUSION**

For the reasons set forth above, Defendant's motion to vacate the default judgment entered against him, pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      March 16, 2011

/s/
DORA L. IRIZARRY
United States District Judge